UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:10-cr-0218 (SEB/KPF) |
| | ) | |
| ALISHA DECKER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on April 30, 2012, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on April 27, 2012, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held May 15, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Ms. Decker appeared in person with her appointed counsel, Mike Donahoe and Gwen Beitz. The government appeared by Steve DeBrota, Assistant United States Attorney. U. S. Parole and Probation appeared by Diane Asher, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mike Donahoe and Gwen Beitz, Office of the Indiana Federal Community Defender, were present and appointed by the Court to represent Ms. Decker in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Ms. Decker and her counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Ms. Decker was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. Ms. Decker was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Ms. Decker was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Ms. Decker had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Donahoe stated that Ms. Decker would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. Decker executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Ms. Decker, by counsel, stipulated that she committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **2** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **3** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **4** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered."** |

On April 6, 2012, Ms. Decker admitted taking prescription medication, Klonopin and Xanax, which was not prescribed to her.

On April 6, 2012, Ms. Decker provided a urine specimen which tested positive for marijuana. When questioned about the positive drug screen, Ms. Decker admitted smoking marijuana on or about April 2 or 3, 2012, and signed an admission report of positive urinalysis form.

The Court placed Ms. Decker under oath and directly inquired of Ms. Decker whether she admitted violations of the specifications of her supervised release set forth above. Ms. Decker stated that she admitted the above violations as set forth above. The government moved to dismiss

specifications numbered 1 and 5 contained in the Petition to revoke defendant's supervised release, filed April 27, 2012, and the Court dismissed the same.

Counsel for the parties further stipulated to the following:

>1)   Ms. Decker has a relevant criminal history category of V, U.S.S.G. §7B1.4(a).
>
>2)   The most serious grade of violation committed by Ms. Decker constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).
>
>3)   Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Decker is 18-24 months.
>
>4)   The appropriate disposition of the case would be modification of her supervised release conditions as follows:
>
>>*i.* Defendant is to be confined for up to 180 days at a community corrections center, namely, the Volunteers of America.
>>
>>*ii.* After defendant's confinement at the Volunteers of America, she will return to her term of supervised release under the same terms presently imposed.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Alicia Decker, violated the specified conditions of supervised release as delineated above in the Petition to Revoke her supervised release. The defendant's supervised release is therefore **MODIFIED** and Alicia Decker is sentenced to the custody of the Attorney General or his designee for a period of up to 180 days. After her confinement at the Volunteers of America, Ms. Decker will return to her term of supervised release under the same terms presently imposed.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a modified

supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Decker stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Decker entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above modifying supervised release.

IT IS SO RECOMMENDED this 22nd day of May, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Steve DeBrota,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal